# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF FLORIDA

# FORT MYERS DIVISION

**Case No.: 2:25-cv-526-SPC-NPM**

**DR. JASON S. HANSRA,**

**Plaintiff,**

**v.**

**CORPORAL KELSEY TERCERO, in her individual capacity;**

**OFFICER ESNEL SOLIS EXPOSITO, in his individual capacity;**

**OFFICER J. WOODS, in his individual capacity;**

**KEVIN RAMBOSK, in his official capacity as Sheriff of Collier County; and**

**JOHN/JANE DOE OFFICERS 1–10;**

**JOHN/JANE DOE MEDICAL PERSONNEL 1–10;**

**JOHN/JANE DOE ADMINISTRATIVE PERSONNEL 1–10; and**

**JOHN/JANE DOE PRIVATE ACTORS 1–10,**

**Defendants.**

**FIRST AMENDED COMPLAINT**

(Filed Pursuant to Court Order)

Plaintiff Dr. Jason S. Hansra respectfully submits this First Amended Complaint and states as follows:

Plaintiff Dr. Jason S. Hansra, proceeding pro se, files this First Amended Complaint and alleges:

## I. INTRODUCTION

1. Plaintiff called 911 seeking police assistance as the victim of a suspected burglary and harassment occurring at his residence.

2. Rather than investigate the reported burglary or treat Plaintiff as a reporting victim, responding officers immediately treated Plaintiff as a suspect, escalated the encounter, and initiated an involuntary psychiatric detention.

3. Within moments of arrival, officers referenced prior dispatch information and framed Plaintiff as mentally unstable without conducting any meaningful investigation of the reported crime.

4. The officers failed to interview Plaintiff about the burglary he reported, failed to collect evidence, failed to review phone evidence Plaintiff attempted to provide, and failed to investigate the individuals harassing Plaintiff's residence.

5. Instead, officers detained Plaintiff, seized his property, placed him in handcuffs without probable cause, and ultimately subjected him to an involuntary Baker Act seizure based on fabricated, exaggerated, or unsupported allegations.

6. Plaintiff brings this action under 42 U.S.C. § 1983 seeking damages and other relief for unlawful seizure, false imprisonment, fabrication of evidence, excessive force, and related constitutional violations.

7. This First Amended Complaint is filed in direct response to the Court's order directing Plaintiff to present his claims in a more concise and structured manner. Plaintiff respectfully submits this amended pleading to comply with the Court's guidance while preserving all claims and rights to amend as additional evidence and defendants are identified through discovery.

## II. SUMMARY OF CONSTITUTIONAL VIOLATIONS

8. The actions of Defendants, as described in this Complaint, violated clearly established constitutional rights of Plaintiff.

9. First, Defendants unlawfully seized and detained Plaintiff without probable cause, in violation of the Fourth Amendment.

10. Second, Defendants falsely imprisoned Plaintiff by placing him in handcuffs and transporting him for an involuntary psychiatric detention despite the absence of lawful justification.

11. Third, Defendants fabricated or exaggerated allegations in official reports and sworn statements in order to justify the involuntary Baker Act seizure.

12. Fourth, Defendants failed to investigate the burglary and harassment reported by Plaintiff and instead immediately treated the reporting victim as a suspect.

13. Fifth, the conduct described herein caused severe personal, financial, physical, and reputational harm to Plaintiff, including loss of liberty, business disruption, and wrist injury from handcuffing.

14. These actions were undertaken knowingly, intentionally, and with reckless disregard for Plaintiff's constitutional rights.

## III. QUALIFIED IMMUNITY DOES NOT APPLY

15. Qualified immunity protects officers only when their conduct does not violate clearly established constitutional rights of which a reasonable officer would have known.

16. The Fourth Amendment clearly prohibits detaining or arresting an individual without probable cause or reasonable suspicion of criminal activity.

17. It is also clearly established that involuntary mental health detention constitutes a seizure under the Fourth Amendment and requires probable cause that the individual poses a danger to themselves or others.

18. At the time of the events alleged in this Complaint, every reasonable officer would have known that handcuffing and detaining a cooperative 911 caller who reported a burglary, without conducting any meaningful investigation and without evidence of danger or criminal activity, violates clearly established constitutional protections.

19. Because Defendants detained Plaintiff without probable cause, failed to investigate the reported crime, and initiated an involuntary Baker Act detention based on unsupported or fabricated allegations, their conduct violated clearly established law.

20. Accordingly, Defendants are not entitled to qualified immunity for the actions alleged in this Complaint.

21. At all relevant times, Defendants were acting under color of state law. The constitutional rights violated by Defendants were clearly established at the time of the events described in this Complaint.

22. It has long been clearly established that law enforcement officers may not detain or arrest an individual without probable cause or reasonable justification under the Fourth Amendment.

23. It is also clearly established that officers may not fabricate allegations or misrepresent facts in order to justify a detention, arrest, or involuntary commitment.

24. Defendants' conduct, including detaining Plaintiff without investigation, placing Plaintiff in handcuffs without probable cause, and initiating an involuntary Baker Act seizure based on unsupported or fabricated allegations, violated clearly established constitutional protections.

25. No reasonable officer could believe that treating a reporting victim as a suspect without investigation, detaining that individual, and subjecting him to involuntary psychiatric detention absent lawful criteria was constitutionally permissible.

26. Accordingly, Defendants are not entitled to qualified immunity for the conduct alleged in this Complaint.

## IV. JURISDICTION AND VENUE

21. This action arises under 42 U.S.C. § 1983 for violations of Plaintiff's constitutional rights under the Fourth and Fourteenth Amendments to the United States Constitution.

22. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.

23. Venue is proper in this district because the events giving rise to these claims occurred within the Middle District of Florida.

24. Plaintiff filed this action within the applicable statute of limitations period for claims brought under 42 U.S.C. § 1983.

## V. PARTIES

25. Plaintiff Dr. Jason S. Hansra is a natural person residing in Cooper City, Florida.

26. Plaintiff is neurodivergent and has diagnoses including attention deficit hyperactivity disorder (predominantly inattentive type) and anxiety.

27. Plaintiff proceeds pro se and respectfully requests reasonable procedural flexibility where appropriate due to neurodivergence.

28. Defendant Corporal Kelsey Tercero was at all relevant times a law enforcement officer employed by the Collier County Sheriff's Office.

29. Defendant Officer Esnel Solis Exposito was at all relevant times a law enforcement officer employed by the Collier County Sheriff's Office.

30. Defendant Officer J. Woods was at all relevant times a law enforcement officer employed by the Collier County Sheriff's Office.

31. Defendant Kevin Rambosk is sued in his official capacity as Sheriff of Collier County and final policymaker for the Collier County Sheriff's Office.

32. Defendants John/Jane Doe Officers 1–10 are additional law enforcement personnel whose identities are presently unknown but who participated in the events described herein.

33. Defendants John/Jane Doe Medical Personnel 1–10 are medical personnel presently unknown who participated in intake, evaluation, medication, or detention decisions relating to Plaintiff.

34. Defendants John/Jane Doe Administrative Personnel 1–10 are administrative or supervisory personnel presently unknown whose conduct may have contributed to the constitutional violations alleged herein.

35. Defendants John/Jane Doe Private Actors 1–10 are additional private actors presently unknown whose involvement may be revealed through discovery.

36. Plaintiff reserves the right to amend this Complaint to identify these Doe defendants by name once discovery reveals their identities and roles.

## VI. FACTUAL BACKGROUND

38. On June 13, 2021, Plaintiff contacted 911 requesting police assistance after discovering evidence of a possible burglary earlier that day and observing individuals outside his bedroom window.

39. Plaintiff called law enforcement for protection and for investigation of the suspected crime.

40. Responding officers included Corporal Kelsey Tercero, Officer Esnel Solis Exposito, and Officer J. Woods.

41. Body camera evidence, as described in the exhibits, indicates that officers arrived already aware that Plaintiff was the reporting party.

42. Despite this, officers immediately treated Plaintiff as the suspect rather than the victim.

43. Upon arrival, officers did not conduct a meaningful investigation of the suspected burglary.

44. Officers did not inspect the alleged entry point in any meaningful way, photograph the scene, or review phone evidence Plaintiff attempted to provide.

45. Officers did not take a meaningful statement from Plaintiff concerning the burglary he reported.

46. Officers instead shifted the focus of the encounter toward Plaintiff and began characterizing him as mentally unstable and intoxicated.

47. Plaintiff remained cooperative and attempted to explain the suspected break-in and his desire to leave safely.

48. Plaintiff did not express suicidal ideation, homicidal ideation, or threats of violence.

49. Plaintiff did not present objective signs that he met the statutory criteria for involuntary examination under Florida's Baker Act.

50. Florida's Baker Act permits involuntary examination only where there is probable cause that a person has a mental illness and presents a substantial likelihood of serious bodily harm to themselves or others.

51. Despite the absence of probable cause and without conducting a reasonable investigation, Defendants detained Plaintiff.

52. Officers placed Plaintiff in handcuffs while he was compliant.

53. Plaintiff complained that the handcuffs were causing pain and injuring his wrist.

54. The use of handcuffs and Plaintiff's complaints of pain were not adequately documented in the official police reporting.

55. Officers repeatedly told Plaintiff that they were "taking him to the doctor," creating the impression that the encounter involved a voluntary medical evaluation.

56. Plaintiff did not refuse medical assistance, but he was not informed that he was being involuntarily detained under the Baker Act.

57. During the encounter, officers removed personal property from Plaintiff, including his keys and a decorative pin of personal significance.

58. Plaintiff further alleges that officers made derogatory and demeaning remarks during the encounter.

59. Plaintiff was transported to David Lawrence Center where the involuntary examination was initiated based substantially on the officer's written certification.

60. Medical testing later showed no alcohol and no illicit drugs present.

61. Plaintiff alleges that certain written observations and later sworn statements by Corporal Tercero are contradicted by body camera evidence and other records.

## VII. DAMAGES AND CONSEQUENCES

62. As a direct and proximate result of the unlawful detention and subsequent events, Plaintiff suffered substantial damages.

63. At the time of the incident, Plaintiff owned numerous businesses and intellectual property assets, including approximately eighteen registered businesses and multiple valuable domain names and websites.

64. Plaintiff was engaged in significant business activity and alleges loss of business opportunities, intellectual property value, and goodwill as a result of the incident and its aftermath.

65. Plaintiff also suffered emotional distress, reputational harm, financial losses, and physical injury resulting from the excessive use of handcuffs.

## VIII. PATTERN OF CONDUCT AND FAILURE TO TRAIN

66. Plaintiff alleges that the constitutional violations described in this Complaint were not isolated incidents but were the foreseeable result of systemic failures in training, supervision, and oversight.

67. Officers responding to Plaintiff's 911 call failed to perform basic investigative steps reasonably expected of trained officers, including investigating the reported burglary, interviewing the reporting victim, preserving evidence, and documenting the use of force.

68. Instead, officers escalated the situation and initiated an involuntary Baker Act detention without probable cause.

69. These failures are consistent with deficiencies in training and supervision regarding proper investigation of reported crimes, constitutional limits on seizures, Baker Act statutory requirements, documentation of force, and treatment of crime victims.

70. Under City of Canton v. Harris, 489 U.S. 378 (1989), a municipality may be held liable under § 1983 where a failure to train reflects deliberate indifference to the constitutional rights of citizens.

71. Similarly, in Gold v. City of Miami, 151 F.3d 1346 (11th Cir. 1998), the Eleventh Circuit held that failure-to-train liability may arise where a municipality is aware of the need for training but fails to take appropriate corrective action.

72. The circumstances described in this Complaint demonstrate a pattern of conduct and systemic deficiencies in training and supervision that directly contributed to the unlawful detention of Plaintiff.

## IX. CLEARLY ESTABLISHED CONSTITUTIONAL LAW

73. The following authorities demonstrate that the constitutional violations alleged in this Complaint were clearly established at the time of the incident and therefore defeat any qualified immunity defense.

74. In Brown v. City of Huntsville, 608 F.3d 724 (11th Cir. 2010), the Eleventh Circuit reaffirmed that arrest or detention without probable cause violates clearly established Fourth Amendment protections.

75. In Beck v. Ohio, 379 U.S. 89 (1964), the United States Supreme Court held that probable cause must exist at the moment a seizure occurs and cannot be justified by evidence discovered afterward.

76. In Dunaway v. New York, 442 U.S. 200 (1979), the Court held that detention without probable cause violates the Fourth Amendment even if officers characterize the detention as investigative.

77. Involuntary psychiatric detention constitutes a seizure under the Fourth Amendment.

78. In Roberts v. Spielman, 643 F.3d 899 (11th Cir. 2011), the Eleventh Circuit held that officers must possess probable cause to believe that an individual is mentally ill and poses a danger to themselves or others before initiating involuntary mental health detention.

79. Similarly, Cantrell v. City of Murphy, 666 F.3d 911 (5th Cir. 2012), recognizes that detention for mental health evaluation without evidence of imminent danger violates the Fourth Amendment.

80. In Kingsland v. City of Miami, 382 F.3d 1220 (11th Cir. 2004), the Eleventh Circuit held that officers violate constitutional rights when they fabricate evidence or ignore exculpatory evidence to justify detention or arrest.

81. In Madiwale v. Savaiko, 117 F.3d 1321 (11th Cir. 1997), the court held that intentional misrepresentations by officers used to justify detention violate clearly established constitutional law.

82. Municipal entities may be held liable under 42 U.S.C. § 1983 when constitutional violations result from governmental policy, custom, or failure to train.

83. In Monell v. Department of Social Services, 436 U.S. 658 (1978), the Supreme Court held that municipalities may be liable when official policies or customs cause constitutional violations.

84. In Board of County Commissioners v. Brown, 520 U.S. 397 (1997), the Supreme Court further clarified the standards for municipal liability under § 1983.

85. Supervisory officials may be liable under § 1983 when they implement or allow policies that lead to constitutional violations or when they are deliberately indifferent to known risks of such violations. See Brown v. Crawford, 906 F.2d 667 (11th Cir. 1990), and Greason v. Kemp, 891 F.2d 829 (11th Cir. 1990).

## X. OFFICER-BY-OFFICER CONDUCT SUMMARY

86. Corporal Kelsey Tercero initiated Baker Act detention without probable cause, failed to investigate the burglary reported by Plaintiff, mischaracterized Plaintiff's behavior in official reporting, allegedly fabricated or exaggerated observations used to justify detention, failed to document the use of handcuffs in the official report, and provided testimony that Plaintiff alleges is contradicted by body camera evidence.

87. Officer Esnel Solis Exposito participated in the detention of Plaintiff despite the absence of probable cause, assisted in placing Plaintiff in handcuffs while Plaintiff was compliant, failed to conduct any meaningful investigation of the burglary Plaintiff reported, and participated in transporting Plaintiff under the representation that he would be taken to a doctor while the encounter resulted in an involuntary Baker Act detention.

88. Officer J. Woods participated in the seizure and detention of Plaintiff, failed to investigate Plaintiff's burglary complaint, and assisted in treating Plaintiff as a suspect rather than a victim despite Plaintiff being the individual who called 911.

89. This officer-by-officer summary is provided to clarify the individual conduct forming the basis of Plaintiff's claims and to comply with the Court's direction that allegations be clearly organized and attributable to specific defendants.

## XI. CAUSATION AND PROXIMATE CAUSE

90. The injuries suffered by Plaintiff were the direct and foreseeable result of the actions of Defendants.

91. By unlawfully detaining Plaintiff, falsely characterizing him as mentally unstable, and initiating an involuntary Baker Act detention without probable cause, Defendants created consequences that were reasonably foreseeable.

92. As a direct and proximate result of Defendants' actions, Plaintiff lost liberty through involuntary detention, suffered reputational damage, experienced disruption of business operations and relationships, lost business opportunities connected to active enterprises and intellectual property assets, suffered emotional distress and humiliation, and sustained physical injury from excessively tight handcuffs.

93. These injuries were the natural and foreseeable consequences of the unlawful seizure and related conduct by Defendants.

94. Defendants' conduct was therefore a substantial factor in causing Plaintiff's damages, and the chain of causation between Defendants' actions and Plaintiff's injuries is direct and continuous.

## XII. DELIBERATE INDIFFERENCE AND RECKLESS DISREGARD

95. Defendants acted with deliberate indifference and reckless disregard for Plaintiff's constitutional rights.

96. Officers responding to Plaintiff's request for assistance were presented with clear information that Plaintiff was the reporting victim of a suspected burglary.

97. Despite this, Defendants failed to conduct a reasonable investigation and instead escalated the encounter toward involuntary detention.

98. Defendants ignored readily available evidence that contradicted the narrative used to justify the Baker Act detention, including Plaintiff's cooperative behavior, absence of intoxication, and repeated attempts to explain the suspected break-in.

99. Such conduct reflects more than mere negligence. It reflects deliberate indifference to the constitutional rights of the individual who called law enforcement seeking assistance.

100. This deliberate indifference supports the availability of punitive damages and further demonstrates the seriousness of the constitutional violations alleged in this Complaint.

## XIII. PLAUSIBILITY OF CLAIMS UNDER RULE 8 AND RULE 12(b)(6)

101. Federal Rule of Civil Procedure 8 requires a short and plain statement of the claim showing that the pleader is entitled to relief.

102. A complaint survives a motion to dismiss under Rule 12(b)(6) when it contains sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.

103. In Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), and Ashcroft v. Iqbal, 556 U.S. 662 (2009), the Supreme Court held that a complaint must contain enough factual allegations to raise a reasonable expectation that discovery will reveal evidence supporting the claims.

104.   This First Amended Complaint satisfies the pleading requirements of Rule 8 and Rule 12(b)(6) because it identifies the specific officers involved in the seizure of Plaintiff, describes the sequence of events leading to the Baker Act detention, explains how Plaintiff called 911 seeking assistance as the victim of a suspected burglary, alleges that officers failed to investigate the reported crime, alleges that officers initiated involuntary mental health detention without probable cause, and links Defendants' conduct to Plaintiff's resulting damages.

105.   These factual allegations, supported by body camera recordings, police reports, medical records, and other documentary evidence referenced in the exhibits, plausibly demonstrate violations of Plaintiff's constitutional rights.

106.   Accordingly, Plaintiff's claims meet the pleading standard required to proceed to discovery.

## XIV. NOTICE TO DEFENDANTS AND PRESERVATION OF EVIDENCE

107.   Plaintiff provides notice that evidence relevant to the claims in this action must be preserved.

108.   Defendants and their agencies had a duty to preserve evidence related to the events described in this Complaint once litigation became reasonably foreseeable.

109.   Relevant evidence includes, but is not limited to, body camera recordings, dispatch and 911 call logs, incident reports and supplemental reports, Baker Act forms and related documentation, internal communications between officers and supervisors, training materials and policies regarding Baker Act

procedures, medical intake records at the receiving facility, and surveillance recordings from patrol vehicles or nearby facilities.

110. Failure to preserve such evidence may constitute spoliation and may result in evidentiary sanctions or adverse inference instructions.

111. Plaintiff respectfully requests that all Defendants preserve all documents, recordings, and electronically stored information relating to the events described in this Complaint.

## XV. DEMAND FOR JURY TRIAL

112. Plaintiff demands a trial by jury on all issues so triable pursuant to the Seventh Amendment to the United States Constitution and Federal Rule of Civil Procedure 38.

## XVI. COUNTS

## COUNT I – UNLAWFUL SEIZURE (42 U.S.C. § 1983)

113. Plaintiff realleges and incorporates by reference paragraphs 1 through 112 as though fully set forth herein.

114. Defendants Tercero, Solis Exposito, and Woods seized Plaintiff without probable cause.

115. Plaintiff did not meet the statutory criteria for involuntary examination under Florida law.

116. The seizure therefore constituted an unreasonable seizure under the Fourth Amendment.

117.    As a direct and proximate result, Plaintiff suffered damages.

## COUNT II – FALSE IMPRISONMENT / UNLAWFUL DETENTION (42 U.S.C. § 1983)

118.    Plaintiff realleges and incorporates by reference paragraphs 1 through 117 as though fully set forth herein.

119.    Defendants caused Plaintiff to be restrained, handcuffed, transported, and held without lawful justification.

120.    Plaintiff's liberty was restrained against his will.

121.    Plaintiff suffered damages as a result.

## COUNT III – FABRICATION OF EVIDENCE (42 U.S.C. § 1983)

122.    Plaintiff realleges and incorporates by reference paragraphs 1 through 121 as though fully set forth herein.

123.    Defendants mischaracterized Plaintiff's behavior, physical observations, and circumstances in official reporting and/or sworn statements to justify detention.

124.    Plaintiff alleges that these fabricated or exaggerated allegations contributed materially to his involuntary detention.

125.    Plaintiff suffered damages as a result.

## COUNT IV – EXCESSIVE FORCE (42 U.S.C. § 1983)

126.    Plaintiff realleges and incorporates by reference paragraphs 1 through 125 as though fully set forth herein.

127. Defendants used handcuffs and physical force against Plaintiff while he was compliant and without probable cause.

128. Plaintiff complained of wrist pain and injury during the handcuffing.

129. The force used was objectively unreasonable under the circumstances.

130. Plaintiff suffered damages as a result.

## COUNT V – MUNICIPAL LIABILITY / FAILURE TO TRAIN (MONELL)

131. Plaintiff realleges and incorporates by reference paragraphs 1 through 130 as though fully set forth herein.

132. Defendant Rambosk, in his official capacity, represents the municipal policymaking authority relevant to the actions described herein.

133. The unlawful seizure and related constitutional violations resulted from policies, customs, practices, and/or failures to adequately train and supervise officers regarding investigation of reported crimes, lawful involuntary mental health seizures, documentation of force, and treatment of reporting victims.

134. Discovery is expected to reveal additional facts concerning these policies, practices, and training failures.

135. Plaintiff suffered damages as a result.

## XVII. RELIEF REQUESTED

136. Plaintiff seeks compensatory damages in an amount to be determined at trial.

137.    Plaintiff seeks punitive damages against the individual-capacity defendants to the extent permitted by law.

138.    Plaintiff seeks costs and any other relief the Court deems just and proper.

139.    Plaintiff seeks such further relief as may be appropriate.

## XVIII. RESERVATION OF RIGHT TO AMEND

140.    Plaintiff will amend this Complaint to add additional defendants identified through discovery, including law enforcement officers, medical personnel, administrative staff, and other actors whose involvement becomes known through discovery.

## XIX. EXHIBITS AND APPENDICES

141.    The exhibits attached hereto are referenced for evidentiary support and are not intended to limit the scope of discovery. Plaintiff reserves the right to rely on additional documents, testimony, and evidence obtained during discovery.

142.    The following exhibits are incorporated by reference and are intended to provide supporting documentation for the allegations contained in this Complaint. Each exhibit corresponds to a distinct category of evidence and is listed only once to avoid duplication.

143.    Exhibit A – Body Camera Timeline and Key Contradictions.

144.    Exhibit B – Relevant Police Reports and Baker Act Documentation.

145.    Exhibit C – Selected Medical Records and Toxicology Results confirming absence of alcohol or illicit substances.

146.    Plaintiff reserves the right to supplement exhibits during discovery as additional evidence becomes available.

Respectfully submitted,

Dr. Jason S. Hansra

Plaintiff, Pro Se

3607 Starboard Ave

Cooper City, FL 33026

Phone: 954-465-1216

Email: doctorhansra@gmail.com

## XX. CERTIFICATE OF SERVICE

151. I HEREBY CERTIFY that a true and correct copy of the foregoing First Amended Complaint was placed in the United States Mail for filing with the Clerk of Court for the United States District Court, Middle District of Florida, Fort Myers Division.

Date: March 10th, 2026

Respectfully submitted,

Dr. Jason S. Hansra

Plaintiff, Pro Se

3607 Starboard Ave

Cooper City, FL 33026

Phone: 954-465-1216

Email: doctorhansra@gmail.com