UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF FLORIDA

FORT MYERS DIVISION

DR. JASON S. HANSRA,

Plaintiff,

v.

Case No.: **2:25-cv-526-SPC-NPM**

**MARCELLA NADOLNY et al.,**

Defendants.

## PLAINTIFF'S MOTION FOR LEAVE TO SERVE A THIRD-PARTY SUBPOENA BEFORE RULE 26(f) TO IDENTIFY DEFENDANT J. WOODS, AND MOTION TO EXTEND TIME TO SERVE DEFENDANT J. WOODS

Plaintiff, Dr. Jason S. Hansra, proceeding pro se, moves for leave to serve a narrowly tailored third-party subpoena before the Rule 26(f) conference for the sole purpose of identifying Defendant **J. Woods**, and also moves for an extension of time to serve that defendant. In support, Plaintiff states:

## 1. Background

1. Plaintiff has filed this civil action and is in the process of serving the named defendants for whom sufficient identifying information is presently available.

2. Plaintiff is submitting summonses for issuance and/or service as to Defendant **Kevin J. Rambosk**, in his official capacity, **Corporal Kelsey Tercero**, individually, and **Officer Esnel Solis Exposito**, individually.

3. Plaintiff has been unable to complete service on Defendant **J. Woods** because Plaintiff does not yet know that defendant's full legal name and sufficient identifying information for service.

4. Plaintiff has, however, moved forward with preparing summonses for the first three identified defendants and is attempting to complete service on those defendants promptly.

5. Plaintiff believes there may be additional John Doe and Jane Doe officers or other actors involved whose identities are not yet fully known and may need to be confirmed through discovery.

6. Plaintiff previously believed J. Woods to be the blonde female officer appearing in body-worn camera footage and referenced on a card provided from the scene, but Plaintiff does not have the officer's complete identity.

7. When Plaintiff later tried to verify that identity independently, publicly available information for "J. Woods" appeared to identify a man rather than the blonde female officer Plaintiff believed was involved, and Plaintiff does not want to misidentify the wrong person in a federal filing.

8. Plaintiff has attempted to obtain this information through public-records channels and related communications directed to the Collier County Sheriff's Office, and Plaintiff has already paid for records in an effort to obtain this information, but Plaintiff has not yet received sufficient identifying information to prepare and serve a summons on J. Woods.

9. Plaintiff remains confused as to why sufficient identifying information for J. Woods, and related police reports allegedly filed against Plaintiff, have not been produced despite

these efforts. Plaintiff understands that a subpoena may be required before the agency will release sufficient identifying information.

10. Plaintiff further believes that identifying J. Woods is important because related records and statements suggest this officer may have been involved not only in the June 13, 2021 incident but also in later reports involving Plaintiff, making prompt identification important to preserve timely claims and avoid prejudice.

11. Plaintiff further respectfully notes that Plaintiff believes there may be additional related incidents, reports, and patterns involving the same or related actors, including conduct occurring both before and after the June 13, 2021 incident, as well as more recent conduct. Plaintiff does not seek merits adjudication of those matters in this motion, but raises this point to explain why further delay in identifying the correct officer may prejudice Plaintiff's ability to proceed properly and efficiently.

## 2. Limited Early Discovery Is Necessary

12. Plaintiff seeks leave to serve a narrowly tailored subpoena before the Rule 26(f) conference solely to identify the full name and service information for J. Woods.

13. The requested discovery is limited to records sufficient to identify the officer and permit service of process.

14. Plaintiff does not seek broad merits discovery at this time.

15. The requested information is uniquely within the possession, custody, or control of the Collier County Sheriff's Office and/or related records custodians.

16. There is no practical alternative that would allow Plaintiff to identify and serve J. Woods without court-authorized limited discovery. Plaintiff respectfully seeks this relief so that claims timely brought in this action are not prejudiced by Plaintiff's inability to obtain the officer's identity without court intervention.

17. Good cause exists because Plaintiff has acted diligently, the requested discovery is narrow, and the information is necessary to move the case forward. Plaintiff is attempting to proceed efficiently and respectfully with the Court's time by serving the first three identified defendants now while separately seeking limited relief needed to identify and serve J. Woods.

18. Plaintiff also seeks to preserve the ability, if appropriate and supported by discovery, to identify additional John Doe or Jane Doe participants and seek leave to amend or proceed against properly identified individuals at the appropriate time, rather than risk misidentifying persons prematurely.

## 3. Extension of Time to Serve J. Woods Is Warranted

19. Plaintiff has acted in good faith and has not delayed for tactical reasons.

20. Plaintiff is proceeding pro se, is not a lawyer, and this is Plaintiff's first federal lawsuit.

21. Plaintiff found the federal process confusing, including the proper procedure for identifying and serving a defendant whose full identity was not disclosed, and Plaintiff also misunderstood when summonses should be prepared and submitted for issuance.

22. Plaintiff's response was to narrow the defendants to those Plaintiff could identify with the greatest confidence so the action could proceed, the statute of limitations could be preserved, and any timely claims would not be lost while Plaintiff sought the remaining identifying information through proper process.

23. Because Plaintiff cannot serve a defendant whose identity remains incomplete, an extension of time is necessary and appropriate.

24. Plaintiff requests that the Court extend the deadline to serve Defendant J. Woods by **45 days after Plaintiff receives the identifying information authorized by the Court**, or by such other period as the Court deems just.

## 4. Requested Relief

Plaintiff also requests leave for the Clerk to issue a Rule 45 subpoena, or for the Court to authorize issuance of a subpoena through the Clerk, directed to the Custodian of Records for the Collier County Sheriff's Office for the limited identification records described below.

WHEREFORE, Plaintiff respectfully requests that the Court:

A. grant Plaintiff leave to serve a narrowly tailored third-party subpoena before the Rule 26(f) conference for the limited purpose of identifying Defendant J. Woods;

B. authorize Plaintiff to seek records sufficient to identify the full legal name, badge number, rank/title, unit assignment, and last-known business address of the officer identified as J. Woods in connection with Plaintiff's June 13, 2021 incident, including any CAD, dispatch, incident, supplement, roster, or body-worn-camera assignment records sufficient to identify that officer;

C. extend the time to serve Defendant J. Woods for **45 days after Plaintiff receives the identifying information**, or such other time as the Court finds appropriate; and

D. grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

**Dr. Jason S. Hansra, Pro Se**

3607 Starboard Avenue

Cooper City, Florida 33026

doctorhansra@gmail.com

954-465-1216

## Certificate of Service

I certify that on May 19, 2026, I filed the foregoing with the Clerk of Court using the Court's filing procedures and served a copy by U.S. Mail and/or other authorized means on all parties entitled to service.

**Dr. Jason S. Hansra**